UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ASTRID LEONARD,
    Plaintiff,

v.

TAPESTRY, INC.,
    Defendant.

Case No. 4:21-cv-1097-CLM

## MEMORANDUM OPINION

Defendant Tapestry, Inc. ("Tapestry") asks the court to dismiss *pro se* Plaintiff Astrid Leonard's ("Leonard") amended complaint for lack of subject matter jurisdiction. (Doc. 21). No one disputes that the parties are citizens of different states, and Leonard asks for more than $75,000 in damages, so the court concludes that it has subject matter jurisdiction pursuant to the federal diversity jurisdiction statute, 28 U.S.C. § 1332. Accordingly, the court **DENIES** Tapestry's motion to dismiss for lack of subject matter jurisdiction (doc. 21).

## BACKGROUND

In her initial complaint, Leonard pleaded a breach of contract claim and sought damages totaling $63,821.39. (Doc. 1). Because the requested damages were less than $75,000, the court ordered Leonard to show cause why the court should not dismiss the case for lack of subject matter jurisdiction. (Doc. 3). Leonard filed a response, which stated additional claims, and increased the damages request to $250,000. (Doc. 4).

Tapestry challenged the complaint for improper service of process and lack of subject matter jurisdiction. (Docs. 8, 11, 13, 14, 16). The court granted Leonard leave to file an amended complaint, and said that Tapestry could "re-raise its arguments [regarding jurisdiction] in its response to the amended complaint." (Doc. 17).

Leonard then filed her Amended Complaint, the one at issue here. (Doc. 18). In it, Leonard alleges that (1) Tapestry violated a 2019 settlement agreement between Leonard and Tapestry, (2) Tapestry retaliated against her by not reporting her wages to the Alabama Department of Labor, and (3) Tapestry intentionally inflicted emotional distress on her. (*Id.*). Leonard alleges that her damages include the value of cancelled stock options ($45,297.11), punitive damages "related to the missed opportunity to buy, sell, and trade" those options ($11,324.28), and compensation for Tapestry providing false information to the Alabama Department of Labor ($7,200). Leonard also states, "For all the said harms and damages Plaintiff seeks $250,000, and any damages the court deems just and proper." (*Id.*).

Tapestry argues that the court lacks subject matter jurisdiction based on diversity jurisdiction because the amount in controversy has not been satisfied, and has asked the court to dismiss the case. (Doc. 21, p. 6). Leonard argues in response that this court has diversity jurisdiction and federal question jurisdiction. (Doc. 24).

## STANDARD OF REVIEW

When a claim is challenged for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the party bringing the claim bears the burden of establishing proper subject matter jurisdiction. *Sweet Pea Marine Ltd. V. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). And "[i]f the plaintiff fails to shoulder that burden, the case must be dismissed." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (citing *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1042 (11th Cir. 2008)).

## DISCUSSION

Federal courts have limited jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410. So the court must grant Tapestry's motion to dismiss if the court determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

1. Legal standards: The court begins with one important legal rule: "*pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys," and should be "liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. U.S.*, 148 F.3d 1261, 1263 (11th Cir. 1998)). The Eleventh Circuit has been clear on this point, so the court proceeds with this rule in mind.

Diversity jurisdiction exists when (1) a suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); 28 U.S.C. § 1332. There is no dispute in this case that the parties are citizens of different states. The only question is whether the amount in controversy requirement has been satisfied.

In general, the plaintiff's amount-in-controversy allegation is accepted if made in good faith. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014). But if it appears "to a legal certainty" that the claim is really for less than the jurisdictional amount, the court should dismiss the case. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000).

2. Application: Leonard's Amended Complaint contains three causes of action: (1) breach of contract, (2) retaliation, and (3) intentional infliction of emotional distress. (Doc. 18). And Leonard seeks $250,000 in damages. (*Id.*). She explains that $45,297.11 is for the value of cancelled

stock options, $11,324.28 is for punitive damages,[1] and $7,200.00 is based on Tapestry reporting false information to the Alabama Department of Labor. (*Id.*). These requests total $63,821.39. The court construes the remaining $186,178.61 to be damages for "pain and suffering" and "emotional distress." (Doc. 18). Leonard explains that Tapestry has caused her "lack of sleep," and "sickness such as dizziness, regurgitation, physical pain, anguish, and weight gain." (Doc. 18, p. 3).

Quick math shows that Leonard's pain and suffering claim must be worth at least $11,178.62 to satisfy the $75,000 threshold. Courts generally do not speculate as to the value of damages for pain and suffering. *See Reyes v. Stockhill*, 568 F.Supp.3d 1288, 1292 (M.D. Fla. Oct. 26, 2021). And the court must accept Leonard's alleged damage amount, unless there is evidence of bad faith.

That said, "[a]n artificially inflated demand—one that a plaintiff will not realistically put in controversy—does not establish the amount in controversy." *Dawson v. Circle K. Stores, Inc.*, No. 4:20-cv-411-RH-MAF, 2020 WL 12279300, at *1 (N.D. Fla. Sept. 28, 2020). And the court recognizes that Leonard increased her damages request without explaining the increase in great detail.

But it's not clear beyond a legal certainty that Leonard could not recover an excess of $11,178.62 for pain and suffering, and the court sees no evidence of bad faith. Plus, Leonard also stated additional claims in her Amended Complaint: a claim for retaliation, and a claim for intentional infliction of emotional distress.

Giving Leonard the benefit of any doubt (as it must), the court concludes that more than $75,000 is in controversy. The court thus has subject matter jurisdiction pursuant to the federal diversity jurisdiction statute, 28 U.S.C. § 1332. Because the court has diversity jurisdiction, the court will not opine on whether it also has federal question jurisdiction.

---

[1] Punitive damages must be considered when determining the amount in controversy, "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

\* \* \*

The court makes no comment on the merits of Leonard's complaint. The court merely finds that the parties are diverse, and Leonard seeks more than $75,000 in damages. So the court **DENIES** Tapestry's motion to dismiss for lack of subject matter jurisdiction (doc. 21) because the court has diversity jurisdiction.

**DONE** and **ORDERED** on December 21, 2022.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE